It's case number 23-11937, Earl Johnson, Jr. v. Mayor, City of Jacksonville. Whenever you're ready, Mr. Johnson. Oh, well, there's some people coming in the courtroom, so let's give them a minute. Oh, well, there's some people coming in the courtroom, so let's give them a minute. All right, sir. May it please the court. Judge Pryor, Judge Grant, Judge Joe Flatt, it is a deep honor to appear before you this morning. For your appellant, Confederate tributes in public spaces are the modern equivalent of whites-only signs. They are not neutral relics of history, they are governmental endorsements of white supremacy. Symbols that directly marginalize and harm me as a black American. That is why the district court erred in finding no particularized injury. Citing O'Shea B. Littleton and the cases that I'll refer to as the Confederate sympathizer cases that the 11th Circuit has ruled on recently, the court found that I had no personal stake in the requested relief and that my stigmatic injury claims were abstract. But in both the Second Amendment complaint and my sworn responses to the state's Rule 12b motion, and I would note that the district court determined not to review the concreteness of the stigmatic injury, nor did the court review the 12b-1 opportunity to look beyond the four corners of the complaint. Finding at page 20 of the report and recommendation that the parties had not raised any issues that intermingled between jurisdiction and the merits of the case, I would suggest that was incorrect. That, quote, no party here contends the merits and the jurisdictional elements overlap, close quote. But the governor himself has blurred the line throughout the litigation. In his answer brief, for instance, at page 32, he argues, quote, his alleged injury is not real. His alleged injury is not real. And thus is not. Tell us why the claim is particularized. Thank you very much, Your Honor. Injury, I mean. Thank you, Judge. When you look at the cases that deal with the particularized injury, and I'm referring to, of course, the Sierra v. City of Hallandale beach decision and the Laufer v. Arpan decision, of course, that was vacated on other grounds. I'll stop you. I wouldn't. I think it was just vacated. I think you can stop there. Thank you, Your Honor. The allegations of stigmatic harm alleged are intimidation, inferiority, exclusion based upon my experiences in the streets, the parks and in the buildings and counties, the courthouses. There's a courthouse just 30 miles west of us which celebrates the Ku Klux Klan in a lobby mural on horseback. The district court seemed to demand magic words rather than engage in the substance of that injury. Oxford defines stigma as a mark of disgrace, a black mark associated with a particular quality or circumstance with one's self. Relying upon the Confederate sympathizer cases, those cases were Gardner v. Mutz, Lady's Memorial, which Judge Joe Flatt wrote for the court recently in 2022, and the Fifth Circuit case of McMahon v. Finnez, I would suggest to the court were in opposite to the matters at bar. In all those cases, the plaintiffs were Confederate sympathizers. Their claims were not really stigmatic injury claims. They were aesthetic injury claims, meaning they wished for monuments in the park that were no longer there. My claims are a direct intangible injury. And is that from the very presence of these monuments? Because in what you're calling the Confederate sympathizer cases, we required that there be an intention to come back and visit the monuments. Are you saying that this case is different? Absolutely, Your Honor. It's a different case altogether. Judge, what is real is that I'm a direct descendant of enslaved Africans in America. While that fact that I graduated from law school and I study the Constitution and I'm the son of Dr. King's attorney may offer context, none of that eclipses my lived experience as a black American confronting and internalizing these tributes that I see as symbols of white supremacy. Quote, our new government is founded upon the great truth that the Negro is not equal to the white man, that slavery, subordination to the superior race is his natural and normal condition. Alexander Stevens. What do you do with the Allen v. Wright case? Because in that case, notes of the plaintiffs do not have standing to litigate their claims based on the stigmatizing injury often caused by racial discrimination. There can be no doubt that this sort of non-economic injury is one of the most serious consequences of discriminatory government action and is sufficient in some circumstances to support standing. Our cases make clear, however, that such injury accords a basis for standing only to those persons who are personally denied equal treatment by the challenged discriminatory conduct. Thank you, Your Honor. Allen, as Your Honor indicated, provides a stigmatic injury for personally experienced racially discriminatory government action. And I am claiming to have personally experienced the injury of knowing that these namings are after white supremacists who demean me as a black person with the understanding that this is a governmental endorsement. Granted, government speech is outside of the First Amendment, but it still is restricted by the 13th, 14th, and other federal law. And so, it's a stigmatic injury to me. Don't you think the plaintiffs in that case also asserted that they felt the personal consequences of the government's discriminatory actions? And yet the court, because anyone sitting in their shoes, I think, would at least possibly feel that same sort of injury deeply and truly, I have no doubt. But these injuries are not made in a specific way to them. And how are you different in that respect? This morning, I took my normal detour away from Confederate Street. It is not a symbolic detour. It is a requirement that I personally have to avoid driving on streets named after a white supremacy regime. What remedy would you ask for, for say a street that's named? Thank you. As I understand the complaint, you don't want the city to spend any money maintaining it. Yes, Your Honor, that's part of the taxpayer standing argument. No, I understand that. Yes, sir. You don't want the money spent, but how does the money not being spent help you remedy your injury, I'll put it that way. Thank you, Your Honor. And this case is different. As opposed to digging up the street and renaming it for something else. Yes, Your Honor. The case is different. I have traveled under the Declaratory Judgment Act. I'm asking the court to set out rights. I'm asking the court to determine whether there can be a stigmatic injury to me, identifying what I have claimed personally, and whether that stigmatic injury will be sufficient for concreteness and particularization. The relief is the declaration of the court, Your Honor. Telling the city not to spend any money. Telling the city that expenditures would be violating my constitutional rights. Yes, sir. Yes, sir. But, Your Honor, I'm not asking for an injunction. I'm asking for a declaration. And keeping in mind we're still at the very beginning stages of this litigation. In Sierra, this honorable court wrote, quote, an individual who suffers an intangible injury from discrimination can establish standing if he personally experienced the discrimination. Because, quote, discrimination itself, by perpetrating archaic and stereotypic notions, or by stigmatizing members of the disfavored group as innately inferior, can cause serious non-economic injuries to those persons who are personally denied equal treatment solely because of their membership in the disfavored group. I would suggest that is exactly what we have here. Thank you. Ms. Beckman. May it please the court. Laura Beckman on behalf of the city of Jacksonville. There are both procedural and substantive reasons why this court should affirm the district court's dismissal of the second amended complaint. As a procedural matter, Mr. Johnson failed to preserve any issues for appeal when he failed to make any legally sufficient objections to the magistrate judge's report and recommendation. Additionally, he did not plead or argue stigmatic injury below and only raised his standing based on stigmatic injury for the first time on appeal. As a substantive matter, there are no facts in the second amended complaint that support a claim that Mr. Johnson was discriminated against or treated unequally based on his race. And therefore, he cannot sustain a claim for stigmatic injury. Furthermore, he's not pled sufficient facts to meet the pleading standard for taxpayer standing. It's well established in this circuit that a litigant must file legally sufficient objections to a report and recommendation for those objections to be preserved for appeal. Mr. Johnson was advised of this at the end of Judge Barksdale's report and recommendation. And this court has held in U.S. v. Schultz that even a pro se lawyer is held to the standard of filing legally sufficient objections to a report and recommendation. Those objections had to specifically identify a fact or a legal conclusion of the magistrate judge that was deficient somehow. And Mr. Johnson failed to do so here. But with respect to standing, we as a court have to assure ourselves that we have jurisdiction. So why can't that be argued on appeal even if it wasn't raised below? Well, first of all, because he didn't preserve any issues for appeal. Even standing, he had to, Judge Barksdale's order specifically addressed standing. All of his standing arguments were made there and she thoroughly examined all of them. If the case is dismissed on subject matter jurisdiction grounds due with the lack of standing, then he can refile the complaint. That is true, Your Honor. It would be dismissed without prejudice. We'd be right back here again, I guess. We'd have to do a complaint and a skirmish of this court. Well, with all due respect, Your Honor, I don't think we would because we're here on a second amended... If we affirm, we affirm because there's a lack of standing. Correct. But it's the city's position that there are no set of facts he could plead that would give him standing. He was advised when the district court dismissed the first amended complaint, Judge Howard advised him that he was going to be given one more chance and identified the deficiencies in his standing allegations. He failed to fix those and the city would argue because he can't, because he doesn't have a particularized injury. Just as the Supreme Court found in Allen v. Wright, having experienced discrimination does not give you standing if you do not have a particularized injury. Just like the Supreme Court found in Allen v. Wright, a citizen in Hawaii could sue over a school district in Delaware under the theory that the Allen plaintiffs were operating under. The same is true here. A person in Nebraska could be offended by the name of a street in Jacksonville. That doesn't give that person any more standing than a person in Jacksonville does. The same is true with Mr. Johnson. His injury, his intimidation, his disheartenment, his offense that he receives from seeing the street signs in Jacksonville are no more unique to him than any other citizen of Jacksonville or anyone else who disagrees with the mission of the Confederacy. He simply doesn't have the particularized injury or any injury at all that would rise to the level of him having standing here. It's the benchmark characteristic of stigmatic injury that the person must have received unequal treatment. He has to have been discriminated against. He has not alleged in the Second Amendment complaint that he was treated any differently than anyone else. He wasn't denied access to any of these parks. He wasn't forced to attend these parks. He wasn't forced to drive down a particular street. He simply doesn't have and has not alleged in the Second Amendment complaint any facts that would give rise to stigmatic injury or any other injury in fact. It's also important to note that he is raising, for the first time on appeal, stigmatic injury. His entire argument below in front of the district court was about injury in fact. The report and recommendation does not analyze stigmatic injury because that issue was not raised before the district court. It's well settled in front of this court that you cannot raise an issue for the first time on appeal. The district court has to have had an opportunity to analyze that issue. Again, the city is not- I've got a question. A lot of our cases about standing, or at least opinions that address standing, that section starts out with, although no one has argued about standing, we must assure ourselves of our jurisdiction. I think we certainly are obligated to consider a party's standing when the district court found that they did have standing. Do you think that there's something about that obligation that does not hold for when the district court found that the party did not have standing because there's no risk that we would be going beyond our jurisdiction by deciding the case? Yes. I think it's a much bigger concern where the court finds that a litigant has standing when they, in fact, don't have standing because the court wouldn't have subject matter jurisdiction. Here, the court found that Mr. Johnson didn't have standing. There's not the same risk and danger of proceeding with affirming the district court's decision as there would be allowing a case to go forward when someone didn't, in fact, have standing. Here, the district court correctly found that Mr. Johnson did not have standing and went so far as to say that even when he tried to proceed and form a papyrus in front of this court, the district court denied that motion because the district court found that there was no merit to this appeal because he failed to file proper objections to the report and recommendation and found that his substantive arguments had no merit whatsoever. How is this case different and how are these arguments different than those in the offendant observer cases in the establishment clause context? We see the cross cases, for instance, where the offendant observer in many cases has received standing. What do you say is different about this case? Mr. Johnson's injury is not particularized. There has to be, and I think this court's decision in Gardner v. Mutz, so where the court initially found that there wasn't standing and the plaintiffs went back and they amended their complaint and were able to have more specific allegations about how they intended to visit these sites again in the future, how they had a personal, historical, or familial relationship with some of those. I thought your answer was going to be something more like the offendant observer standing has been granted to taxpayers in that narrow circumstance, but it hasn't been extended and shouldn't be extended to other contexts. I'm not sure I see how different it is to avoid going to a park with a cross versus avoid driving down a street with a name that gives you offense. I think the difference still comes back to particularize. Even though those particular people under the Establishment Clause line of cases, I can see the analogy that we still have to find that this particular plaintiff had a particularized injury. The district court also correctly found that there was no taxpayer standing here, again, because he didn't suffer an injury, that he's not able to point to a particular injury. Disheartenment is not an injury that's recognized as compensable. It's also worth noting that a declaratory judgment does not remedy any of the alleged injuries that he's seeking relief for. Counselor said if you teased the shotgun completing, took all the allegations, is there any allegation in there that could be read as alleging that the city denied him an opportunity to be heard? No, Your Honor. Like the city council, for example. No, Your Honor. I think it just reinforces the fact that really what his issue is is a political question that is better addressed through either the legislative or executive branch rather than the judicial branch. You're saying there is no such allegation? Correct. Okay. Yes. So, Mr. Johnson has not and cannot allege in the second amended complaint that he has suffered a stigmatic injury. And for this court to reach the merits of that, it would have to overlook well-established precedent that objections to a report and recommendation must be specific and must specifically identify a legal or factual issue in the report and recommendation. For these reasons, the city would ask this court to affirm the district court's decision dismissing the second amended complaint. Thank you. Good morning, Your Honors. May it please the court, Alan Huang for the governor. I'm here to just make some brief points about the lack of traceability and redressability as to the governor, but wanted to make just two quick points first in response to some things that came up in my friend's argument. One is Mr. Johnson mentioned a portion of our answer brief, and I just wanted to kind of make sure it's understood in context that we were explaining that Mr. Johnson did not experience an injury legally under Article III, that it was not concrete, figuralized, et cetera. On the preservation point, I think the Pallel case that I submitted answers that question. There the court did not consider a pro-standing argument, so to speak, because the plaintiff did not raise that below previously, and it's different when it comes to the court's attention at some point that there isn't standing. The question I have is we have to look at jurisdictions, in this case it's standing, and whether to what extent the failure to object to the magistrate's report in particular ways precludes our decision on standing. Do you follow me? The question is whether the law allows us to look at what was before the district court, forget the magistrate's report, just to look at the record to see whether or not there's standing. Do you follow me? Yes. If that's the case, and I don't know the answer to it, if that's the case, whether the points were preserved doesn't matter, does it? Well, I think if, let's say, I think, as was talked about. I'm talking about the sufficiency now. I'm talking about standing. I think it's different if, say, there was standing, the court found standing, and it was brought to the court's attention that there isn't, then that just has to be done away with. The district court agreed there was no standing. Right. All right. One argument is, on appeal, it hasn't preserved anything. My question is whether or not the standing issue is preserved as it was before the district court. In effect, as the magistrate judge found it, the lack of standing. Well, the issue was preserved, but his argument as to stigmatic injury, et cetera, was not preserved. Under Pallel, I would say this court cannot consider it. Now, just brief points about the governor's lack of traceability and redressability as to the governor. All that Mr. Johnson alleges is that the governor has enacted general budgetary allocations to preserve and maintain these monuments, and that simply isn't enough. It's akin to cases where plaintiffs sue executive officials simply for signing laws without explaining anything more about how that dependent forces of law carries it out. As to redressability, all that he's asking for is a declaratory judgment without making clear at all as to what he's asking for that the governor can do that would redress his injury. We ask for, as this court, to affirm the district court. Thank you. Thank you. Butler? The claims of stigmatic injury have been ever-present. The term stigmatic injury will not be found in the Second Amendment complaint, but the injuries, which are emotional and particularized, are there. And so when in the complaint I describe feelings of helplessness and despair and intimidation when confronting symbols of white supremacy on public land, that is a particularized injury to me. I'm only writing about my own experience. And so, indeed, the report and recommendation addresses stigmatic injury at some length. As I said earlier, the court determined not to get into the concreteness analysis, but focused on the particularized injury analysis. Those are, indeed, separate, as we know from Gardner. But in any event, the court generally employed what you've heard from the city and state, the notion that because others might be offended, it's sort of an equal protection defense. Because others might be offended, I am somehow, my claims of stigmatic injury are somehow not personalized, not particular to me. And that flies in the face of Sierra, certainly. Allen sets out that while the Allen case determined that those plaintiffs did not have standing, Allen made it clear that if you're personally experiencing the discrimination, standing may exist. The... Some of the most conservative voices on our Supreme Court have made it very clear that classifications based upon race by government are to be abhorred. Justice Thomas writing, maintaining the government's race-based classification is, quote, precisely the sort of government action that pits the races against one another, exacerbates racial tension, and provokes resentment amongst those who believe that they have been wronged by the government's use of race. The government uses race when it presents symbols of white supremacy through celebrations of the Confederacy. This is not a political question. You are not treading upon the executive branch here, nor the legislative branch. I'm asking the court to rule within the parameters of the existing stare decisis. And the existing stare decisis suggests that I have a stigmatic injury. Now, it is a different case. I am not the Confederate sympathizers, so I'm different than Ladies Memorial or Gardner. And this is why this case is so important for the court to determine whether or not, indeed, stigmatic injury exists. There cannot be a waiver, as this court is aware, of subject-matter jurisdiction. This court routinely rules on subject-matter jurisdiction as late as the appellate level, though it had never been raised. And I would suggest the... I did respond, it's in the record, to the report and recommendation. The court was not impressed by the responses or the objections thereto, but they are there. I appreciate your time very much this morning. I'm asking that the court reverse the judgment, remand with instructions to answer the complaint, to grant my motion for expedited hearing, and to address the district court's order on the frivolity of the appeal. Thank you so much. Thank you. Thank you.